IN THE UNITED STATES DISTRICT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAURA GARCIA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. 22-1353 |
| | § | |
| UNITED STATES POSTAL SERVICE, | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

Plaintiff, LAURA GARCIA, to bring this complaint under the Federal Tort Claims Act, 28 U.S.C. § 2674. Plaintiff complain of the United States Postal Service and would show the following:

### PARTIES

1.1. This case arises out of bodily injuries caused by a United States Postal Worker vehicle that struck Plaintiff's vehicle.

1.2. Plaintiff is Laura Garcia. Plaintiff resides in Tomball, Texas.

1.3. Defendant is the United States Postal Service employee, Michelle Lee Daley, who was in the course and scope of her employment with the United States Postal Service when the injury occurred.

### JURISDICTION, SERVICE & VENUE

1.4. This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671-2680, commonly known as the Federal Tort Claims Act.

1.5. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons

1

and Complaint on the United States Postal Service Tort Claims Coordinator for the Houston District by certified mail, return receipt requested at his office:

> United States Postal Service
> Houston District
> ATTN: Tort Claims
>   Coordinator
> 600 N. Sam Houston Parkway
> West Houston, Texas 77202

1.6. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint.

## LIABILITY OF THE UNITED STATES

1.7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because the United States Postal Service is the Defendant, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

1.8. The United States Postal Service is an agency of the United States of America. The Defendant United States Postal Service, at all material times owned, operated, and controlled United States Postal Service offices and staffed its facilities and vehicles with its agents, servants, and employees.

1.9. At all material times, Michelle Lee Daley ["driver Daley"] and all persons involved in supervising Michelle Lee Daley were agents, servants, or employees of the United States Postal Service or its agency and were at all material times acting within the course and scope of their employment.

## JURISDICTIONAL PREREQUISITES

1.10. Pursuant to 28 U.S.C. §§ 2672 and 2675(a), the claims set forth here were filed with and presented administratively to the United States Postal Service on April 27

2022; to the extent any denial of this claim has not been made or is inchoate, Plaintiff requests an abatement of this cause until the administrative functions can be completed.

1.11.  Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this suit.

## FACTS

1.12.  This is a Federal Tort Claims Action for monetary damages sustained by Plaintiff arising out of an auto crash giving rise to the personal injuries to Plaintiff as the result of the negligent operation of a vehicle by USPS employee and driver Michelle Lee Daley.

1.13.  On or about April 27, 2020, Plaintiff Garcia was injured in an auto crash caused by United States Postal Service ["USPS"] employee and driver, Michelle Lee Dailey, who was on the job and driving a USPS vehicle, with and within the scope of the permission(s) and authority whether expressed and/or implied, of the USPS.

1.14.  The crash was caused when USPS driver negligently lost control of the USPS vehicle while driving on the Tomball Parkway and then thereby collided with a "City of Houston" vehicle occupied and driven by Plaintiff. Plaintiff Garcia was injured in the crash and received cuts, scrapes, bruises, and internal injuries all of which caused her to undergo medical treatment and to miss work.

## CAUSE OF ACTION

1.15.  In the alternative, the USPS driver at all times was in the course and scope of her employment and permissions, and was negligent and failed to use ordinary care, by:

    a) Failing to keep the vehicle under proper control;

    b) Driving too fast at the time and under the circumstances;

    c) Actions and omissions that constitute faulty evasive action(s);

d) Failing to inspect the USPS vehicle, including its tires, before driving it;

e) In adequately inspecting the USPS vehicle, including its tires, before driving it;

f) Driving a faulty, defective and/or dangerous USPS vehicle on a public road when driver Dailey either knew or should have known that such USPS vehicle was dangerous and/or presented a danger to other motorists on the public roadways;

g) By failing to inflate and/or to properly inflate the tires on the USPS vehicle thereby causing the failure of the tire;

h) Driver Dailey may have disregarded her training and USPS protocol, if any, with respect to the maintenance, use and care of the tire;

i) Driver Dailey may have disregarded her training and USPS protocol, if any, with respect to Driver Dailey's reaction to failed tire with respect to her steering, braking, operation, and handling of the USPS vehicle thereby constituting a proximate cause of the crash;

j) Driver Dailey negligent for failing to slow down and drive to conditions at the time; and

k) Failing to preserve the failed tire for analysis which may have constituted spoliation.

The above-referenced acts and omissions either individually or in combination constituted a proximate cause of the wreck and of Plaintiff's injuries and subsequent medical care and damages. Defendant USPS is liable to Plaintiff vicariously as Driver Dailey was acting with permission and in the course and scope

of her permissions, authority, and employment for Defendant USPS at all times herein.

1.16. In the alternative, Defendant USPS itself directly was negligent and failed to use ordinary care by:

a) Failing to inspect the USPS vehicle, including its tires, before allowing one of its employees to operate the vehicle;

b) By Inadequately inspecting the USPS vehicle, including its tires, allowing one of its employees to operate the vehicle;

c) By allowing it employee to drive on a public road a faulty, defective and/or dangerous USPS vehicle on a public road when Defendant USPS either knew or should have known that such USPS vehicle was dangerous and/or presented a danger to other motorists on the public roadways;

d) By failing to see that the failed tire replaced, taken out of service and/or that the failed tire was properly inflated on the USPS vehicle;

e) By failing to train its drivers if any, with respect to the maintenance, use, inspection, and care of the failed tire;

f) By failing to have appropriate protocols and procedures for inspecting, replacing, inflating, and taking damaged/worn tires out of service;

g) By failing to train USPS drivers on how to react properly in the event of a blowout or a flat tire; and

h) Failing to preserve the failed tire for analysis which may have constituted spoliation.

1.17. The above-referenced acts and omissions either individually or in combination constituted a proximate cause of the wreck and of Plaintiff's injuries and subsequent medical care and damages. At all material times, the employees, agents,

or representatives of the United States Postal Service were negligent and caused the injuries sustained by Plaintiff.

1.18.　At the time, Plaintiff Garcia was employed by the City of Houston as an inspector and Plaintiff Garcia was covered by workers compensation insurance; as a result, Plaintiff Garcia received workers compensation benefits for medical treatment and missed work and wages because of Defendant's negligence and because of the wreck. As a result, Plaintiff's workers compensation carrier has asserted a subrogated interest pursuant to the Texas Workers Compensation Act in the amount to $106, 544.41 for both medical expenses paid and for income benefits.

## DAMAGES

1.19.　As a proximate result of the negligent acts or omissions of Defendant USPS and/or its driver, Plaintiff suffered injuries, which would not have occurred otherwise. Plaintiff pleads, in the alternative, for all damages available under Texas state law, federal law and equity, including:

>　Past and future pain and suffering;
>
>　Past and future mental anguish;
>
>　Past and future physical impairment;
>
>　Substantial disruption of the activities of daily living, in the past and future;
>
>　Past and future physical disfigurement;
>
>　Past medical expense and past loss of earning capacity, in the amount of $106,554;
>
>　and future loss of income and impairment of earning capacity; and
>
>　Reasonable and necessary medical care in the future.

Plaintiff pleads for all other damages, pecuniary or otherwise, arising out of law or equity, that they may be justly and equitably entitled to, in the wisdom of the Court.

## PRAYER

Plaintiff requests that Defendant be cited in terms of law to appear and answer this Complaint; that upon final trial, the Plaintiff have judgment against Defendant, for the amount of actual damages and for other and different amounts as they shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other relief, at law and in equity, both general and special, to which Plaintiff may show themselves entitled to and to which the Court believes them deserving.

        Respectfully Submitted,

        /s/*Chelsea Murfree*
        CHELSEA MURFREE
        cmurfree@doctorlaw.com
        Texas State Bar #24107873
        SHARDE MARKS
        smarks@doctorlaw.com
        Texas State Bar #24107873
        Ramji Law Group
        9186 Katy Freeway
        Houston, Texas 77055
        (713) 888-8888 (o)
        (866) 672-3372 (f)

        **Attorneys for the Plaintiff**

Case 4:22-cv-01353   Document 1   Filed on 04/27/22 in TXSD   Page 8 of 8

8